**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6709**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOTHAM SIMMONS, a/k/a Johnathan Rashad Simmons,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:12-cr-00910-RBH-1; 4:17-cv-00562-RBH)

Submitted:  August 20, 2019                           Decided:  August 23, 2019

Before FLOYD and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Jotham Simmons, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jotham Simmons seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b)(4) motion for reconsideration of the district court's previous order dismissing his 28 U.S.C. § 2255 (2012) motion as untimely filed, and the district court's subsequent order dismissing his Fed. R. Civ. P. 59(e) motion for reconsideration as a successive § 2255 motion. The district court's order denying Simmons' Rule 60(b)(4) motion is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012); *Reid v. Angelone*, 369 F.3d 363, 369 (2004), *abrogated in part by United States v. McRae*, 793 F.3d 392, 400 & n.7 (4th Cir. 2015). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Simmons has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal in part.

Insofar as Simmons appeals the district court's order construing his Rule 59(e) motion for reconsideration as an unauthorized § 2255 motion, our review of the record

2

confirms that the district court properly construed Simmons' Rule 59(e) motion as a successive § 2255 motion over which it lacked jurisdiction because Simmons failed to obtain prefiling authorization from this court. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h) (2012). Accordingly, we grant leave to proceed in forma pauperis and affirm in part.[*]

Additionally, we construe Simmons' notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). Upon review, we find that Simmons' claims do not meet the relevant standard. *See* 28 U.S.C. § 2255(h). We therefore deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

[*] A certificate of appealability is not required to appeal the district court's jurisdictional categorization of a Rule 60(b) motion as an unauthorized successive § 2255 motion. *McRae*, 793 F.3d at 400.